DAVID S. VAN VORT, Plaintiff, and JOHN W. DELAFIELD, Appellant, Suing on Behalf of Themselves and All Other Tenants of 17 East 84th Street, Borough of Manhattan, Similarly Situated, *v.* 17 EAST 84TH ST. CORPORATION et al., Respondents, et al., Defendants.

First Department, October 22, 1957.

484

*David M. Palley* for appellant.

*Edgar A. Buttle* (*Violet M. Cuneo* with him on the brief), for 17 East 84th St. Corp. and others, respondents.

*Abraham B. Hertz* for Henry Payson, respondent.

*Denis R. Sheil* of counsel (*Schmidt & McCormick,* attorneys), for Ruland & Benjamin and others, respondents.

*Per Curiam.* The complaint, in this action for declaratory judgment to have 17 East 84th St. Corporation declared not to be a genuine co-operative within the meaning of the rent law and regulations, alleges that the defendants promoted the co-operative venture and endeavored to induce the tenants in the apartment house to become stockholders and lessees through fraudulent representations, discriminatory practices and other coercive tactics. It is the contention of plaintiff, therefore, that the corporation was not a true co-operative and that the tenant-ownership plan was effected by illegal means and should not be allowed to stand or serve as a basis for the eviction of tenants under the rent law and regulations.

At the trial of the action, the learned Justice presiding refused to permit plaintiff to submit his proof, or even make an offer of proof, on the ground that it would make no legal difference in the standing of the co-operative whether the tactics complained of were employed in effectuating the plan; that at best, in the absence of an 80% co-operative ownership, the tenants were entitled to only the two-year period provided by law before they could be evicted by purchasers of their apartments. The decision in *Gilligan* v. *Tishman Realty & Constr. Co.* (283 App. Div. 157, affd. 306 N. Y. 974), allowing judicial inquiry into the procurance of an 80% co-operative ownership by similar means, was interpreted by the Trial Justice as being limited to a case where an 80% co-operative ownership was claimed with the consequence that tenants might be evicted without waiting for the two-year period.

We do not think that the provision of law allowing an eviction of tenants in a co-operative apartment two years after the

acquisition of their apartments by tenant-owners is a license to the promoters of a co-operative apartment to employ methods and means of persuading tenants to become co-operative owners which would not be countenanced in ordinary negotiations. Nor do we consider the *Gilligan* decision (*supra*), although rendered in the context of a claim to 80% co-operative ownership, as being confined in its application to a case where an 80% tenant-ownership is claimed or to an inquiry into the alleged coercive and fraudulent means by which such ownership was attained.

The same considerations which prompted the court to entertain an action for a declaratory judgment in the *Gilligan* case (*supra*) warrant the inquiry and declaration sought here.

We have no means of knowing, in the absence of the taking of proof or an offer of proof, whether there is such substance to the charges made here as would invalidate the enterprise as a co-operative. Plaintiff should be permitted to submit his proof.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

PECK, P. J., BREITEL, BOTEIN, VALENTE and MCNALLY, JJ., concur.

Judgment unanimously reversed and new trial ordered, with costs to abide the event. Settle order on notice.